# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA JOSEPHINE HUDGINS, <br> Plaintiff, <br><br> v. <br><br> AMERIPRISE FINANCIAL SERVICES, INC., <br> Defendant. | § § § § § § § § | CASE NO. 3:17-CV-3125-S |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Sandra Josephine Hudgins's ("Hudgins") Application to Vacate Arbitration Award [ECF No. 1] and Defendant Ameriprise Financial Services, Inc.'s ("Ameriprise") Counter-Motion to Confirm Arbitration Award [ECF No. 10]. For the following reasons, the Court denies Hudgins's Application to Vacate and grants Ameriprise's Counter-Motion.

### I. BACKGROUND

Per Special Order 3-318, this case was transferred from the docket of Chief Judge Barbara M.G. Lynn to the docket of this Court on March 8, 2018.

Hudgins is the Respondent/Counter-Claimant in the underlying arbitration case (the "Arbitration") that was decided on October 13, 2017, by the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution. Pl.'s Appl. ¶ 5. Ameriprise is the Claimant/Counter-Respondent in the Arbitration. *Id.* The factual background provided by Hudgins in her Application is limited.

On or about September 25, 2014, Hudgins, who at that time was a registered representative with Ameriprise, signed a promissory note (the "Note") for a loan that she received from Ameriprise. Def.'s Mot. ¶ 6; *see also* Def.'s Ex. A. Pursuant to paragraph 6 of the Note, Hudgins

1

agreed to arbitrate any dispute arising between herself and Ameriprise. Def.'s Mot. ¶ 6; *see also* Def.'s Ex. A ¶ 6. Hudgins's employment with Ameriprise ended on July 22, 2016. Def.'s Mot. ¶ 7. Pursuant to paragraph 2 of the Note, upon termination of Hudgins's employment for any reason, any outstanding principal amount, plus accrued interest, became immediately due and payable. *Id.*; *see also* Def.'s Ex. A ¶ 2. As of the date of Hudgins's termination, the unpaid balance of principal and interest was $406,331.81. Def.'s Mot. ¶ 7.

Following non-payment by Hudgins, Ameriprise filed a Statement of Claim with FINRA on September 7, 2016. Def.'s Mot. ¶ 8. Per the arbitration provision, the Arbitration was held in Dallas, Texas, on or about August 22, 2017. Pl.'s Appl. ¶ 6. On or about October 13, 2017, the Arbitration Panel issued an award in favor of Ameriprise for $451,137.53, including (a) $415,840.36 in compensatory damages and pre-award interest; (b) interest on the $415,840.35 at the rate of 2.13% per annum; (c) $31,140.20 in attorney's fees; and (d) $4,156.97 in costs (the "Award"). *Id.*; Def.'s Mot. ¶ 9. The Arbitration Panel also denied Hudgins's counterclaim and claims for violations of state and federal law, including age discrimination. Pl.'s Appl. ¶ 6.

On November 13, 2017, Hudgins filed her Application to Vacate Arbitration Award. Ameriprise filed its Opposition and its Counter-Motion to Confirm Arbitration Award on January 25, 2018. Hudgins did not file a response.

## II. LEGAL STANDARD

When a party to an arbitration timely applies for an order confirming an award, the Federal Arbitration Act ("FAA") provides that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in § 10 and § 11." 9 U.S.C. § 9. A court may only vacate an arbitration award where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption among the arbitrators; (3) the arbitrators were

"guilty of any misbehavior" that prejudiced a party's rights; or (4) the arbitrators exceeded their powers. *Id.* § 10(a). Because the FAA does not include an additional ground to vacate an arbitration award based on mere errors in interpretation or application of the law, or mistakes in fact-finding, courts must not "conduct a review of an arbitrator's decision on the merits." *Householder Grp. v. Caughran*, 354 F. App'x 848, 851 (5th Cir. 2009) (citations omitted); *see also Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (holding that there are no longer non-statutory grounds for vacating arbitration awards). Under the FAA, an arbitrator's decision will be vacated "only in very unusual circumstances." *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 828 F.3d 362, 364 (5th Cir. 2016) (quoting *First Options of Chic., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)).

Given the strong federal policy favoring arbitration, "[j]udicial review of an arbitration award is extraordinarily narrow." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)). Courts consistently describe the scope of judicial review of arbitration awards as "among the narrowest known to the law." *Pfeifle v. Chemoil Corp.*, 73 F. App'x 720, 723 (5th Cir. 2003). The party moving to vacate an arbitration award has the burden of proof. *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 549 (N.D. Tex. 2006). The arbitrator's decision must be given a high level of deference, and "[t]he court must resolve any doubts or uncertainties in favor of upholding the award." *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 n.9 (5th Cir. 2004).

### III. ANALYSIS

Hudgins moves to vacate the Award "because of bias or misconduct." Pl.'s Appl. ¶ 9. Specifically, Hudgins contends that the Court should vacate the Award because (1) the Award was

procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption by the Arbitration Panel; and (3) the Arbitration Panel was guilty of misconduct or misbehavior that prejudiced the rights of Hudgins. *Id.*

In support of her Application, Hudgins submits as exhibits: (1) her affidavit; (2) the Award; (iii) a selection of motions filed by Hudgins in the Arbitration; and (4) a selection of the Arbitration Panel's orders in the Arbitration. *See* Pl.'s Ex. 001-035. Hudgins states in her affidavit,

> During the discovery phase of the Arbitration Case I sent discovery requests to the Claimant/Counter-Respondent who wholly objected to answer any of my discovery. After diligently attempting to secure the discovery, I filed a motion to compel on June 15 and again on June 21 with the Arbitration Panel. The Claimant/Counter-Respondent replied, making frivolous and unfounded objections. The Arbitration Panel refused to allow me to obtain the most relevant and material evidence to which I needed to prove my case-in-chief. As a result, my rights were prejudiced and I was treated unfairly in the process.

Pl.'s Ex. 001 ¶ 3.

### A. Corruption, Fraud, or Undue Means

Section 10(a)(1) of the FAA permits the Court to vacate an arbitration award "where the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). "The statute does not provide for vacatur in the event of any fraudulent conduct, but only 'where the *award was procured* by corruption, fraud, or undue means.' We read this language as requiring a nexus between the alleged fraud and the basis for the panel's decision." *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir. 1990) (quoting 9 U.S.C. § 10(a)(1)).

Hudgins alleges, "The award was procured by corruption, fraud, or undue means. The Arbitration Panel wrongfully disallowed [Hudgins] the right to obtain relevant and material evidence in the discovery process from [Ameriprise] that [Hudgins] intended to use in her case-in chief." Pl.'s Appl. ¶ 9(a) (internal citations omitted). Hudgins provides no further argument,

4

factual allegations, or proof beyond this assertion in her Application and her statement from the affidavit outlined above. *See supra* § III.

Hudgins fails to advance any credible argument to show the Award was procured by corruption, fraud, or undue means. Hudgins alleges that the Arbitration Panel "wrongfully disallowed" her the right to obtain evidence, but does not allege that the reason for the decision was due to corruption, fraud, or undue means. In essence, Hudgins is complaining of a discovery ruling by the Arbitration Panel. The limited record demonstrates that the Arbitration Panel extensively considered both Hudgins's and Ameriprise's arguments on the discovery issue before denying in part and granting in part Hudgins's motions to compel. *See, e.g.*, Pl's Ex. 006 ("On June 21, 2017, the Panel heard oral arguments on Hudgins'[s] Motion to Compel."); *id.* at 007 ("At the evidentiary hearing, Hudgins argued several times that the Panel's previous rulings on her discovery requests for a large number of non-specific emails from Claimant were detrimental to her ability to prove her case. . . . In post-hearing deliberations, the Panel carefully considered Hudgins'[s] objections to the Panel's previous rulings on her discovery request, each of which was fully argued by both parties at a lengthy pre-hearing conference, and were decided in accordance with FINRA's discovery rules."). A denial in part of a discovery request after full and thorough consideration does not amount to procurement of an award by corruption, fraud, or undue means. The Court declines to vacate the Award on this ground.

### *B. Evidence of Partiality or Corruption*

Section 10(a)(2) of the FAA permits the Court to vacate an arbitration award "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). "Evident partiality is 'a stern standard.'" *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016) (quoting *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d

278, 281 (5th Cir. 2007)). "The statutory language . . . seems to require upholding arbitral awards unless bias was clearly evident in the decisionmakers." *Id.* (quoting *Positive Software Sols., Inc.*, 476 F.3d at 281). "[F]or an arbitration award to be vacated, [Hudgins] 'must produce specific facts from which a reasonable person would have to conclude that the arbitrator was partial to' [Ameriprise]." *Id.* (quoting *Householder Grp.*, 354 F. App'x at 852). "The 'alleged partiality [must be] direct, definite, and capable of demonstration rather than remote, uncertain, or speculative.'" *Id.* (quoting *Householder Grp.*, 354 F. App'x at 852). For example, "[c]ourts have found that a reasonable impression of partiality is established when the arbitrator has had a direct business or professional relationship with one of the parties to the arbitration." *Weber*, 455 F. Supp. 2d at 552.

Hudgins alleges, "There is evidence of partiality or corruption by the arbitration panel occurred [sic]. Here, the Arbitration Panel wrongfully disallowed [Hudgins] the right to obtain relevant and material evidence in the discovery process from [Ameriprise] that [Hudgins] intended to use in her case-in chief." Pl.'s Appl. ¶ 9(b) (internal citations omitted). Hudgins provides no further argument, factual allegations, or proof beyond this assertion in her Application and her statement from the affidavit outlined above. *See supra* § III.

Hudgins fails to meet the "stern standard" of evident partiality. Hudgins does not carry her burden in supporting a claim that there was evident partiality or corruption in the arbitrators. Hudgins alleges that the arbitration panel "wrongfully disallowed" her the right to obtain evidence, but Hudgins does not allege this decision was motivated by evident partiality or corruption in the arbitrator. As discussed above, the Arbitration Panel gave due consideration to both Hudgins's and Ameriprise's positions before denying in part and granting in part Hudgins's discovery requests. *See supra* § III(A). Hudgins's position that the Arbitration Panel's discovery ruling

6

demonstrates evident partiality is "remote, uncertain, or speculative." *Cooper*, 832 F.3d at 545. Further, bare recitation of the statute is not enough. The Court declines to vacate the Award on this ground.

### *C. Misconduct or Misbehavior*

Section 10(a)(3) of the FAA permits the Court to vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said he was deprived of a fair hearing." *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006) (quoting *El Dorado Sch. Dist. No. 15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001)).

Hudgins alleges, "The Arbitration Panel was guilty of misconduct or misbehavior that prejudiced the rights of [Hudgins]. Here, the Arbitration Panel wrongfully disallowed [Hudgins] the right to obtain relevant and material evidence in the discovery process from the Ameriprise that [Hudgins] intended to use in her case-in chief." Pl.'s Appl. ¶ 9(c) (internal citations omitted). Hudgins provides no further argument, factual allegations, or proof beyond this assertion in her Application and her statement from the affidavit outlined above. *See supra* § III.

Unfair exclusion of evidence can justify vacatur of an arbitration award. *See Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d 847, 850 (5th Cir. 1995) (holding that arbitrator refusing to consider evidence and preventing party from presenting additional evidence by misleading it is "misconduct [that] falls squarely within the scope of Section 10, and is grounds

7

for vacatur"). Construing her allegations liberally, Hudgins appears to argue that by denying in part her motions to compel, the Arbitration Panel prevented her from obtaining and presenting relevant and material evidence. *See* Pl.'s Appl. ¶ 9(c); Pl's Ex. 014-035. However, Hudgins has made no attempt to identify or describe the evidence that the Arbitration Panel did not order Ameriprise to produce, so this Court cannot determine whether such evidence was "pertinent and material" within the meaning of § 10(a)(3). *See Weinberg v. Silber*, 140 F. Supp. 2d 712, 719-20 (N.D. Tex. 2001), *aff'd*, 57 F. App'x 211 (5th Cir. 2003).

Furthermore, the limited information in the record suggests that the Arbitration Panel considered Hudgins's arguments regarding the issues of pertinence and materiality, and then determined that the evidence was neither pertinent nor material. *See* Pl.'s Ex. 006 ("On June 21, 2017, the Panel heard oral arguments on Hudgins' Motion to Compel."). In the Order dated June 26, 2017, regarding Hudgins's motion to compel, the Arbitration Panel addressed Hudgins's 36 requests for documents and data from Ameriprise. *See id.* at 023-026. The Arbitration Panel denied or denied in part 16 of these requests; however, the Arbitration Panel also ordered Ameriprise to produce, provide, or search for the information sought in 17 of the requests. *Id.* The Order shows that the Arbitration Panel took into consideration factors such as responsiveness and privilege, whether a request was duplicative, and whether the information could be produced by means of testimony at the final hearing. *See, e.g., id.* at Requests 20, 25, and 29. This Court will not second-guess the Arbitration Panel's decision to exclude certain evidence requested by Hudgins. *See Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990) ("This Court should defer to the arbitrator's decision when possible."); *see also Brabham*, 376 F.3d at 380 (noting that review of arbitration award "is exceedingly deferential").

Hudgins also fails to meet her burden in demonstrating that she was prejudiced by the denial in part of her motions to compel by the Arbitration Panel. The Court finds that merely stating, "The Arbitration Panel was guilty of misconduct or misbehavior that prejudiced the rights of [Hudgins]" is both conclusory and speculative.

Finally, and most importantly, Hudgins does not allege any facts to support her claim that the members of the Arbitration Panel were guilty of misconduct or misbehavior that prejudiced her rights. A discovery ruling made after extensive consideration and oral argument does not rise to the level of misconduct or misbehavior that the statute contemplates. *See, e.g., Gulf Coast Indus. Workers*, 70 F.3d at 850 ("[N]ot only did the arbitrator refuse to consider evidence of the positive drug test, he prevented Exxon from presenting additional evidence by misleading it into believing that the [Substance Analysis Report] had been admitted as a business record. . . . The arbitrator used Exxon's failure to present evidence that he told Exxon not to present as a predicate for ignoring the test results."). Hudgins alleges no facts and provides no evidence to demonstrate that the Arbitration Panel's decision was motivated by or the result of misconduct or misbehavior.

Hudgins has not satisfied her burden. The Court therefore declines to vacate the Award on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court declines to vacate the Award. Hudgins's Application to Vacate Arbitration Award [ECF No. 1] is denied. Because Hudgins failed to demonstrate that the arbitration award must be vacated, modified, or corrected, Ameriprise's Counter-Motion to Confirm Arbitration Award [ECF No. 10] is granted. By separate judgment, the Award dated October 13, 2017, will be confirmed.

9

**SO ORDERED.**

SIGNED September 30, 2018.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**